# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROCMON L. SANDERS,<br><br>        Plaintiff,<br>  v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br>WARDEN DAVID OWENS, and<br>CAMDEN COUNTY BOARD OF<br>CHOSEN FREEHOLDERS,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07912 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

Rocmon L. Sanders, Plaintiff Pro Se
1001 Jackson Street
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

    1.    Plaintiff Rocmon L. Sanders seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"), Warden David Owens ("Owens") and Camden County Board of Chosen Freeholders ("BOF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (a) dismiss with prejudice Plaintiff's claims asserted against CCCF, as CCCF is not a "person" within the meaning of 42 U.S.C. § 1983; (b) grant Plaintiff leave to amend the Complaint within 30 days of the date of this order, in the event he is able to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement; (c) dismiss with prejudice Plaintiff's claims of excessive force, as barred by the statute of limitations; and (d) proceed Plaintiff's claims against Owens and BOF regarding conditions of confinements from which Plaintiff was released after October 5, 2014.

**<u>Claims Against CCCF: Dismissed With Prejudice</u>**

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

6. Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the

---

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

7. Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

**Claims Of Excessive Force: Dismissed With Prejudice**

8. The Court dismisses with prejudice Plaintiff's claims arising from his allegations of "assault" by a CCCF "officer" in 2005. Complaint § IV, § V.

9. Although not specified in the Complaint, this Court construes Plaintiff's contentions regarding being "assaulted by an officer" (Complaint § IV) as claims that Plaintiff suffered physical abuse amounting to a violation of his constitutional rights. The only specific conduct of which Plaintiff complains is "officer assault" (*id.* § V), but the circumstances surrounding the incident are left to speculation.

10. "[P]laintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[3] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of

---

[3] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

11. Plaintiff alleges that the purported assault by a CCCF officer occurred in 2005. Complaint § IV. Accordingly, the two-year statute of limitations for Plaintiff's claims (*Wilson*, 471 U.S. at 276; *Dique*, 603 F.3d at 185) expired in 2007.

12. However, Plaintiff had not filed this present action prior to expiration of the two-year limitations period.

13. "Although a complaint is not formally filed until the filing fee is paid, a complaint [is deemed] constructively filed as of the date that the clerk received the complaint -- as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis*."[4] *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996).[5]

---

[4] This Court granted Plaintiff's application to proceed *in forma pauperis* on February 3, 2017. (Docket Entry 2.)
[5] The mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), under which pleadings are deemed filed with a court when a prisoner provides them to prison officials to mail, is inapplicable here for purposes of calculating the date on which Plaintiff's Complaint was filed with this Court. According to Plaintiff's Complaint that he signed on October 5, 2016, he was living as of that date on Jackson Street in Camden, not in jail. (Docket Entry 1, at 6.) Therefore, his Complaint is deemed filed as of the date it was received by the Clerk's Office: *i.e.*, October 27, 2016. (Docket Entry 1.)

6

14. Here, the Clerk's Office of this Court received Plaintiff's Complaint on October 27, 2016 (Docket Entry 1), which is more than two years after Plaintiff's purported assault by a CCCF officer in 2005. Complaint § IV. Plaintiff's Complaint is thus time-barred by the statute of limitations with respect to Plaintiff's excessive force claim.

15. As there are no grounds for equitable tolling of the statute of limitations,[6] the Complaint's claims in relation to assault will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

16. As stated above, this Court construes Plaintiff's contentions regarding "assault[] by an officer" (Complaint § IV) as claims of excessive force under the Fourteenth Amendment. However, Plaintiff's contentions are also time-barred even if construed as a state-law tort claim of assault. *Dique*, 603 F.3d at 185 (New Jersey "mandates a two-year statute of limitations period for personal-injury torts. N.J. Stat. Ann. § 2A:14–2").

---

[6] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

## Conditions Of Confinement Claims Against Owens and BOF: Claims Shall Proceed As To Confinements From Which Plaintiff Was Released After October 5, 2014

17. For the reasons set forth below, the Court will allow the Complaint to proceed as to allegations against Owens and the BOF regarding conditions of confinements from which Plaintiff was released after October 5, 2014.

18. To survive *sua sponte* screening for failure to state a claim[7], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[7] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

19. A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

20. With respect to the alleged facts giving rise to Plaintiff's claims, the present Complaint states: "While incarcerated in CCCF I was forced to sleep on a hard, cold, concrete floor with an unsanitary, torn mattress approx 2 inches thick. The CCCF stayed extremely overcrowded at all times, operating well over capacity. The overcrowded conditions caused extremely unsanitary conditions in all parts of the facility utilized by detainees." Complaint § III(C).

21. Plaintiff states that these events occurred: "Between 1993 to present. Times vary." *Id*. § III(B).

22. Plaintiff alleges that he suffered "scabies disease in 2001" and "severe back pain" from these events, along with ongoing pain management medication and physical therapy." *Id*. § IV.

23. Plaintiff seeks compensatory damages of: (a) $1,000 per day for 837 days of sleeping on the floor in CCCF; (b) $25,000 for purportedly contracting scabies disease while incarcerated; and (c) $50,000 for an alleged officer assault in 2005. *Id.* § V.

24. Plaintiff also requests $100,000 in punitive damages. *Id.*

25. In addition to compensatory relief, Plaintiff seeks injunctive relief of "a pre-screening process put in place to prevent those entering CCCF from spreading easily curable diseases" and "new procedures put in place to prevent overcrowding of facility & future litigation." *Id.*[8]

---

[8] Plaintiff's claim for prospective injunctive relief must be dismissed as moot. Complaint § V at 3-4. Plaintiff is no longer incarcerated at the CCCF; thus, Plaintiff lacks standing to seek injunctive relief because he is no longer subject to the allegedly unconstitutional conditions he seeks to challenge. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981). Nevertheless, in light of Plaintiff's express inclusion of injunctive relief requests in the Complaint, the Court advises Plaintiff that he is one of thousands of members of a certified class in the case on this Court's docket entitled, *Dittimus-Bey v. Camden County Correctional Facility*, Civil No. 05-cv-0063 (JBS), which is a class action case. The class plaintiffs are all persons confined at the CCCF, as either pretrial detainees or convicted prisoners, at any time from January 6, 2005, until the present time. The class of plaintiffs seek injunctive and declaratory relief about unconstitutional conditions of confinement at the CCCF involving overcrowding. That class action does not involve money damages for individuals. A proposed final settlement of that case, which describes the settlement in detail, was preliminarily approved on February 22, 2017. At present, various measures already undertaken in the Second and Third Consent

10

26. "In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process, the proper inquiry is whether those conditions amount to punishment prior to an adjudication of guilt in accordance with law. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish,* 441 U.S. 520, 535-36 (1979).

27. "In order to determine whether the challenged conditions of pre-trial confinement amount to punishment, a court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an

---

Decrees under Court approval have reduced the jail population to fewer prisoners than the intended design capacity for the jail. This has greatly reduced or eliminated triple and quadruple bunking in two-person cells, as explained in the proposed Sixth and Final Consent Decree, which would continue those requirements under Court supervision for two more years. According to the Notice to all class members that was approved in the *Dittimus-Bey* case on February 22, 2017, any class member can object to the proposed settlement by filing an objection in the *Dittimus-Bey* case before April 24, 2017. A final Court hearing is set for May 23, 2017, at which any objections will be considered. If the *Dittimus-Bey* settlement is finally approved after the May 23rd hearing, Plaintiff and other class members will be barred from seeking injunctive or declaratory relief for the period of time from January 6, 2005, until the date of final approval, but the settlement does not bar any individual class member from seeking money damages in an individual case.

expressed intent to punish on the part of the detention facility officials, that determination generally will turn on whether [it has] an alternative purpose ... and whether it appears excessive in relation to [that] purpose." *Bell,* 441 U.S. at 538-39.

28. Courts' inquiry into "whether given conditions constitute 'punishment' must therefore consider the totality of circumstances within an institution." *Union County Jail Inmates v. DiBuono,* 713 F.2d 984, 996 (3d Cir. 1983). The totality of circumstances inquiry is a "fact-based analysis" unique to "the particular circumstances of each case." *Hubbard v. Taylor*, 538 F.3d 229, 234 (3d Cir. 2008).

29. The following factual allegations pertinent to the totality of circumstances inquiry are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of the following allegations: (a) Plaintiff contends that "[w]hile on the floor, I have been splashed with urine due to the closeness of my mattress to the cell toilet" (Complaint at 3B); (b) The Complaint contends that "CCCF stayed extremely overcrowded at all times, operating well over capacity. The overcrowded conditions caused extremely unsanitary conditions in all parts of the facility utilized by detainees. Diseases such as mites, crabs, bedbugs, lice, scabies, etc. were uncontrollable and easily & regularly contracted by detainees to include myself,

who contracted scabies & was treated for such in 2001" (*id.*); (c) "These overcrowded conditions also caused an extremely violent atmosphere where detainees were regularly assaulted, robbed, bull[i]ed, abused & extorted. I myself have been victim to numerous assaults and thefts while in CCCF, to include being assaulted by an officer in 2005" (*id.*); and (d) "Cleaning supplies and toiletries required to live/survive in such an unsanitary and violent facility were not provided, which added to the unsafe, inhumane & deplorable conditions." *Id*.

30. Plaintiff has alleged he was subjected to the claimed conditions for a significant amount of time and that he developed physical injuries as a result of his living conditions. Plaintiff has also alleged that Owens and BOF failed to implement policies addressing these conditions. Complaint at 3B: "CCCF to this day still has failed to put in place a pre-screening process for detainees entering the facility to be screened for and easily cured of such diseases & conditions such as lice, scabies, etc."

31. Viewing the facts and the totality of the circumstances in the light most favorable to Plaintiff, his allegations set forth sufficient factual matter to show that his claim is facially plausible. *Fowler*, 578 F.3d at 210. *See also Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (with respect to municipal liability, a plaintiff must plead facts

showing that the relevant policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom"); *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 689, 691 (1978) (a plaintiff must set forth facts supporting an inference that a municipal defendant itself was the "moving force" behind the alleged constitutional violation).

32. Accordingly, Plaintiff's claims against Owens and the BOF as to alleged unconstitutional conditions of confinement may proceed with respect to confinements from which Plaintiff was released after October 5, 2014.[9]

## **CONCLUSION**

1. For the reasons stated above, Plaintiff's Complaint is dismissed in part and shall proceed in part.

---

[9] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to October 5, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. Accordingly, the Complaint shall proceed only as to claims against Owens and the BOF regarding the condition of confinements from which Plaintiff was released after October 5, 2014.

2. The Complaint: (a) is dismissed with prejudice as to the CCCF; (b) is dismissed with prejudice as to claims of excessive force based upon purported assault by a CCCF officer in 2005; and (c) may proceed against Owens and the BOF as to claims based upon conditions of confinements from which Plaintiff was released after October 5, 2014.

3. An appropriate order follows.

**April 7, 2017**           **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                           Chief U.S. District Judge